UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of

ANN MICHELE WEST,

                         Debtor.
-----------------------------------------------------------------X
KENNETH KIRSCHENBAUM, as Trustee of
the Estate of Ann Michele West,

                        Plaintiff,

     -against-

BLAIR WEST,

                        Defendant.
-----------------------------------------------------------------X

Chapter 7

Case No.: 817-71075-reg

Adv. Pro. No. 818-08089-reg

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                              )SS.:
COUNTY OF NASSAU  )

        DIANA HENRIQUEZ, being duly sworn, deposes and says:

        I am not a party to the action, am over 18 years of age and reside at Old Westbury, New York.

        On June 21, 2018, I served a true copy of the annexed **SUMMONS AND NOTICE OF PRETRIAL CONFERENCE and COMPLAINT** in the following manner:

        BY: Mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) listed below:

Blair West
40 Herrick Road
Southampton, New York 11968

Ann Michele West
40 Herrick Rd
Southampton, NY 11968

Mark A. Frankel, Esq.
Backenroth Frankel & Krinsky LLP
800 Third Avenue
11th Floor
New York, NY 10022

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY 11722

Robert W. Griswold, Esq.
Shapiro, DiCaro & Barak, LLC
Attorneys for J.P. Morgan Chase Bank, N.A.
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

Courtney R Williams, Esq.
Gross Polowy, LLC
Attorneys for Nationstar Mortgage LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

Sworn to before me on this
21st day of June, 2018

_____
NOTARY PUBLIC

WENDY L GONZALEZ
Notary Public, State of New York
No. 01GO6355714
Qualified in NASSAU County
Commission Expires March 13, 2021

_____
DIANA HENRIQUEZ

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both
adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Ann Michele West                                             Bankruptcy Case No.: 8−17−71075−reg

Kenneth Kirschenbaum

                                        Plaintiff(s),

−against−                                                           Adversary Proceeding No. 8−18−08089−reg
Blair West

                                        Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint, which is attached to this summons, to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| **Address of Clerk:** |
|---|
| United States Bankruptcy Court<br>290 Federal Plaza<br>Central Islip, NY 11722 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| **Name and Address of Plaintiff's Attorney:** |
|---|
| Steven B Sheinwald<br>Kirschenbaum & Kirschenbaum<br>200 Garden City Plaza, Suite 315<br>Garden City, NY 11530−3302 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| **Location:**<br>United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza − Room 860, Central Islip, NY 11722 | **Date and Time:**<br>July 23, 2018 at 09:30 AM |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT, AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: June 20, 2018                                   Robert A. Gavin, Jr., Clerk of the Court

**Summons** [Summons and Notice of Pretrial Conf. rev. 05/27/2016]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In the Matter of

ANN MICHELE WEST,

                                 Debtor.
-----------------------------------------------------------X
KENNETH KIRSCHENBAUM, as Trustee
of the Estate of Ann Michele West,

                                 Plaintiff,

    -against-

BLAIR WEST,

                                 Defendant.
-----------------------------------------------------------X

Chapter 7

Case No. 817-71075-reg

COMPLAINT

Adv Pro No.:

Plaintiff, Kenneth Kirschenbaum, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate (the "Estate") of Ann Michele West (the "Debtor"), by his attorneys, Kirschenbaum & Kirschenbaum, P.C., as and for his complaint against defendant Blair West (the "Defendant") alleges as follows:

## THE PARTIES

1. Plaintiff is the duly appointed, qualified, and acting Trustee of the Debtor's Estate and is authorized to commence this action under 11 U.S.C. §323 and Rule 6009 of the Federal Rules of Bankruptcy Procedure.

2. At the time of the filing of the Debtor's bankruptcy petition (the "Petition"), and at all times hereinafter mentioned, Defendant was and continues to be the husband of the Debtor and a co-owner, together with the Debtor, as tenants by the entirety, of the real property commonly known as 40 Herrick Road, Southampton, New York 11968 (the "Property").

## BACKGROUND, JURISDICTION AND VENUE

3. The Debtor filed a voluntary petition for relief (the "Petition") pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 25, 2017 under case number 817-71075-reg (the "Bankruptcy Proceeding").

4. The Bankruptcy Proceeding was converted from a case pursuant to Chapter 11 of the Bankruptcy Code to a case pursuant to Chapter 7 of the Bankruptcy Code on April 10, 2018.

5. Upon the conversion to Chapter 7, Kenneth Kirschenbaum was appointed Trustee, in which capacity he continues to serve.

6. This adversary proceeding arises under 11 U.S.C. §§ 105, 323, 363, and 541 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and arises in and under the Chapter 7 case of the Debtor on the docket of this Court.

7. Plaintiff is seeking an Order: (a) pursuant to 11 U.S.C. §§363(h) authorizing the Trustee to sell both the Estate's and the Defendant's respective interests in the Property free and clear of Defendant's interest in the Property; (b) pursuant to 11 U.S.C. § 363(j) determining the respective distributive interests of the Estate and the Defendant in and to the proceeds from the sale of the Property; and (c) granting such other and further relief as this Court deems just and proper.

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. § 157.

9. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(N) and (O).

10. This court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

11. At the time of the filing of the Petition, the Debtor and the Defendant co-owned the

Property as tenants by the entirety.

12. Upon the filing of the Debtor's Petition, the Debtor's interest in the Property vested in the Trustee in accordance with 11 U.S.C. §541(a).

13. Upon information and belief, the fair market value of the Property is in excess of $6,000,000.00.

14. Upon information and belief, there is a first mortgage encumbering the Property.

15. Upon information and belief, as of the date of the filing of the Petition, the total amount necessary to satisfy the first mortgage was $4,478,607.25.

16. Upon information and belief, there is a second mortgage encumbering the Property.

17. Upon information and belief, as of the date of the filing of the Petition, the total amount necessary to satisfy the second mortgage was $470,156.01.

18. Upon information and belief, the first and second mortgages are the only liens against the Property.

19. According to the Debtor's Schedule C, the Debtor claimed a homestead exemption pursuant to New York C.P.L.R. Section 5206 in an amount equal to 100% of fair market value up to any applicable statutory limit, which is currently $165,550.00.

20. Upon information and belief, the Property, if sold in its entirety, has a fair market value sufficient to satisfy all liens, claims or other interests encumbering the Property, the Debtor's claimed homestead exemption, all administrative fees and expenses, and all claims scheduled by the Debtor.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY THE TRUSTEE SEEKING AUTHORIZATION PURSUANT TO 11 U.S.C. §§ 363(h) TO SELL THE ESTATE'S AND THE CO-OWNER'S INTEREST IN THE PROPERTY FREE AND CLEAR OF THE NON-DEBTOR CO-OWNER'S INTEREST IN THE PROPERTY, AND A DETERMINATION OF THE DEFENDANT'S DISTRIBUTIVE INTEREST IN AND TO THE PROCEEDS OF SALE OF THE PROPERTY
(Incorporating all previous allegations)

21. Plaintiff may obtain authorization from the Court to sell the Property free and clear of the interest of the Defendant pursuant to 11 U.S.C. § 363(h) and a determination of the Defendant's distributive interest in the sale proceeds pursuant to 11 U.S.C. § 363(j).

22. Upon information and belief, the price at which the Property will be sold will be greater than the aggregate value of all liens, claims or other interests against the Property.

23. Upon information and belief, the Debtor and the Defendant reside in the one-family home situated on the Property.

24. Upon information and belief, there is no other residence on the Property.

25. Partition in kind of the Property among the Estate and the co-owner is impracticable because it is comprised of a one family dwelling, and the sale of the Estate's interest alone would realize significantly less than a sale free and clear of the Defendant's interest.

26. Upon information and belief, a sale of the Estate's undivided entirety interest in the Property would realize significantly less for the Estate than a sale of the Property free of Defendant's interest in the Property.

27. The benefit to the Estate of a sale of the Property free and clear of Defendant's interest outweighs the detriment, if any, to Defendant.

28. Defendant will not be unduly prejudiced by a sale free and clear of his interest in the Property because he will receive the cash equivalent of his distributive interest from the proceeds of sale of the Property in accordance with 11 U.S.C. § 363(j).

29. The liquidation of the Property will produce a substantial benefit to the Estate's creditors.

30. Upon information and belief, the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

31. In view of the foregoing, the Trustee is entitled to a judgment against the Defendant in accordance with §§363(h) and (j) of the Bankruptcy Code: (a) authorizing the Trustee to sell the Property free and clear of Defendant's interest therein; and (b) determining the Defendant's distributive interest in and to the proceeds from a sale of the Property by the Trustee.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) on the first claim for relief, authorizing the Trustee, pursuant to 11 U.S.C. § 363(h), to sell the Property free and clear of Defendant's interest therein; and (b) determining the Defendant's distributive interest in and to the proceeds from a sale of the Property by the Trustee; and

(b) granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
June 19, 2018

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorneys for the Plaintiff

By: _____
Steven B. Sheinwald
200 Garden City Plaza
Garden City, New York 11530
(516) 747-6700